UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS FITTS and LORRAINE FITTS,

Plaintiffs,

vs.

KING RICHARD'S AUTO CENTER, INC,
d/b/a East Providence Mitsubishi,

Defendant.

CA 07 147

Jury Trial Requested

---

## Complaint

### Introduction

1. The Plaintiffs allege the Defendant failed to disclose the negative equity they had in a vehicle they traded in to the Defendant when they bought, and financed, another vehicle from the dealership. They assert the failure violated the federal Truth In Lending Act and they seeks actual damages, statutory damages under 15 USC 1640(a)(2)(A)(i), and attorney fees under 15 USC 1640 (a)(3).

### Parties/Jurisdiction/Venue

2. The Plaintiff Nicholas Fitts is a resident of Whitinsville, Massachusetts.

3. The Plaintiff Lorraine Fitts is a resident of Whitinsville, Massachusetts.

4. The Defendant King Richard's Auto Center, Inc., does business as East Providence Mitsubishi (EP Mitsubishi), and is a corporation, organized and existing under the laws of the State of Rhode Island, with its principal place of business in East Providence, Rhode Island.

5. EP Mitsubishi is a "creditor" within the meaning of the federal Truth In Lending Act (TILA), including 15 USC 1602(f) and 12 CFR §226.2(a)(17) (also known as Regulation Z).

6. This court has jurisdiction over this action pursuant to 15 USC 1640(e) and 28 USC 1331 and 1337 (a).

7. Venue is proper in this court because the conduct complained of took place in Rhode Island and the Defendant is located in Rhode Island.

## Factual Allegations Common To All Counts

8. On or about October 3, 2006, the Plaintiffs negotiated to trade in a 2001 Ford Taurus (Taurus) and purchase a 2002 Mercedes Kompressor (Mercedes) from EP Mitsubishi.

9. As part of the negotiations, EP Mitsubishi presented the Plaintiffs with a Retail Installment Sales Agreement (RISC) which included financing terms and which contained certain disclosures required by the federal Truth In Lending Act (TILA).

10. A copy of the RISC, including the TILA disclosures, EP Mitsubishi presented to the Plaintiff is attached as Exhibit A.

11. On the RISC, EP Mitsubishi made certain disclosures and representations regarding the equity in the Taurus the Plaintiffs would be trading in as part of the contemplated transaction.

12. The Truth In Lending Act required EP Mitsubishi to disclose the value of the Taurus which the Plaintiffs would be trading in as part of the contemplated transaction.

13. On the RISC, EP Mitsubishi disclosed to, and represented to, the Plaintiffs that there was $353.28 in equity in the Taurus which they would be trading in as part of the contemplated transaction.

14. On the RISC, EP Mitsubishi applied the alleged $353.28 of equity towards the purchase price of the Mercedes, listing that amount as a "Downpayment" towards the Mercedes.

15. Based in part on the representations made in the RISC, the Plaintiffs traded in the Taurus and signed the RISC agreeing to purchase the Mercedes for $19,300.00.

16. At the time it presented the RISC to the Plaintiffs, EP Mitsubishi knew there was no equity in the Taurus.

17. At the time it presented the RISC to the Plaintiffs, EP Mitsubishi knew there was actually more owed on the Taurus than it was worth.

18. On the RISC, EP Mitsubishi falsely represented to the Plaintiffs that there was equity in the Taurus and they were therefore making a down payment on the Mercedes.

19. On the RISC, EP Mitsubishi falsely represented to third-party investors, including The Greenwood Credit Union, that there was equity in the Taurus and the Plaintiffs were therefore making a down payment on the Mercedes.

20. On the RISC, EP Mitsubishi falsely represented to government auditors who might audit financial institutions, including The Greenwood Credit Union, that it (the financial institution) was the holder of a loan for a car on which the borrower had put a cash down payment thereby misleading the auditors regarding the true value of the loan and, by extension, the soundness of the institution's loan portfolio.

**Count 1 – Truth In Lending Act Violation**

21. The Plaintiffs reassert the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

22. The disclosures EP Mitsubishi made in conjunction with the consumer credit transaction described in this Complaint violated the requirements of the Truth In Lending Act in the following respects:

a) By failing to disclose the negative equity in the Taurus as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2, and as required by the Final Rule the Board of Governors of the Federal Reserve System issued regarding the disclosure of negative equity which is found at 63 Fed. Reg. 16669.

b) By disclosing a sales price for the Mercedes that was higher than that which a cash buyer would have paid, thereby failing to disclose the true cost of the credit being extended to the Plaintiff as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2.

22. The Plaintiff suffered damages a result of EP Mitsubishi's wrongful disclosures including actual damages, statutory damages and attorney fees.

**Wherefore,** the Plaintiffs Nicholas Fitts and Lorraine Fitts request relief against the Defendant EP Mitsubishi, as follows:

A. A judgment against EP Mitsubishi in an amount equal to the actual damages they sustained.

B. A judgment against EP Mitsubishi for statutory damages computed in accordance with 15 USC 1640(a)(2)(A)(i).

C. A judgment against EP Mitsubishi for attorney fees pursuant to 15 USC 1640(a)(3).

D. A judgment against EP Mitsubishi for costs.

E. Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

F. Trial by jury on all issues so triable.

G. Any and all other relief that may be just and appropriate and to which the plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Jury Demand

The Plaintiffs request a trial by jury on all counts.

Nicholas Fitts and
Lorraine Fitts,
By their Attorney,

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com