UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FITTS and<br>LORRAINE FITTS,<br>*Plaintiffs,*<br><br>vs.<br><br>KING RICHARD'S AUTO CENTER, INC.,<br>d/b/a East Providence Mitsubishi,<br>*Defendant.* | C.A. No. 07-147ML |

**ANSWER**

NOW COMES the Defendant, King Richard's Auto Center, Inc., and hereby answers Plaintiffs' Complaint as follows:

1. Defendant denies the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without knowledge of the allegations contained in paragraph 2 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

3. Defendant is without knowledge of the allegations contained in paragraph 3 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant neither admits nor denies the allegations contained in paragraph 5 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

6. Defendant makes no response to the allegations contained in paragraph 6 of Plaintiffs' Complaint to the extent that said paragraph identifies Plaintiffs' claimed jurisdictional basis and, thus, no response is required.

7. Defendant neither admits nor denies the allegations contained in paragraph 7 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

8. Defendant admits that Plaintiffs purchased a 2002 Mercedes Kompressor which purchase included the trade-in of a Taurus and denies the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits that as part of the sale, Plaintiff received, among other things, a Retail Installment Sales Agreement containing TILA disclosures and denies the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant states that the RISC speaks for itself and denies the characterizations and allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant states that the RISC speaks for itself and denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant states that the RISC speaks for itself and denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits the lien payoff on the Taurus exceeded its actual cash value, that it provided a negative equity disclosure to Plaintiffs and denies the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits the lien payoff on the Taurus exceeded its actual cash value, that it provided a negative equity disclosure to Plaintiffs and denies the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendant restates and re-alleges its answers to paragraphs 1 through 20, both inclusive, of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in paragraph 23 (although listed as 22) of Plaintiffs' Complaint, and all allegations of the Complaint not herein specifically admitted.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint and that it be awarded its costs and expenses for the defense of this case.

## AFFIRMATIVE DEFENSES

Defendant asserts the affirmative defenses of waiver and standing.

**Defendant requests a trial by jury.**

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on May 9, 2007, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto