UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS FITTS and
LORRAINE FITTS,
*Plaintiffs,*

vs. C.A. No. 07-147ML

KING RICHARD'S AUTO CENTER, INC.,
d/b/a East Providence Mitsubishi,
*Defendant.*

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Now comes the Defendant, King Richard's Auto Center, Inc., and hereby objects to Plaintiff's motion for summary judgment. In support thereof, Defendant relies on its Memorandum of Law filed contemporaneously herewith.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on January 7, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS FITTS and
LORRAINE FITTS,
*Plaintiffs,*

vs. C.A. No. 07-147ML

KING RICHARD'S AUTO CENTER, INC.,
d/b/a East Providence Mitsubishi,
*Defendant.*

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In response to Plaintiffs' Motion for Summary Judgment (Document 13), Defendant will rely on the arguments contained in its own Memorandum for Summary Judgment filed on December 19, 2007. (Document 10) To briefly reiterate what is contained in its Memorandum, both the TILA regulations and Slover-Becker v. Pitre Chrysler Plymouth Jeep of Scottsdale, Inc., *409 F.Supp.2d 1158d. (D.Ariz 2005)* reject Plaintiffs' argument that the negative equity should have been separately disclosed on the RISA and that the disclosed sales price was higher than a cash buyer would have paid for the purchased vehicle.

Plaintiffs attempt to distinguish *Slover-Becker* and, by extension the TILA regulations, by arguing that it was "wrongly decided" and "irrelevant * * * because it involved fundamentally different facts." *Plaintiffs' Motion for Summary Judgment, page 6, fn. 7.* The "fundamentally different facts" consist of an entry on the RISA in the instant case that lists $353.28 as the net trade-in. However, this entry does nothing to help Plaintiffs to distinguish either *Slover-Becker* or the TILA regulations from the

instant case. The net trade-in amount entry does not negate the reporting of the negative equity listed on the RISA. It is undisputed that the Taurus had negative equity, that Defendant reported it by adding it to the amount financed on the RISA and that this method of reporting negative equity is clearly allowed by the TILA regulations and *Slover-Becker*. The separate entry of the net trade-in amount does not alter these undisputed facts. If anything, it simply acts to reduce the cost of the Mercedes to Plaintiffs.

For the reasons cited therein, as well as those that may be raised at hearing, Defendant respectfully requests that Plaintiffs' summary judgment motion be denied and summary judgment enter in favor of Defendant.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on January 7, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto