UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FITTS and<br>LORRAINE FITTS,<br>*Plaintiffs,*<br><br>vs.<br><br>KING RICHARD'S AUTO CENTER, INC.,<br>d/b/a East Providence Mitsubishi,<br>*Defendant.* | C.A. No. 07-147ML |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant seeks summary judgment on an alternative ground, namely, that Plaintiffs do not have a cause of action under *15 U.S.C. § 1640(a)*. This section of the Truth In Lending Act ("TILA") provides consumers with a cause of action for certain violations of the Act. See Baker v. Sunny Chevrolet, Inc., *349 F.3d 862, 865 (6th Cir. 2003)*. It states, in pertinent part, that

> [A]ny creditor who fails to comply with any requirement imposed under this chapter [*15 U.S.C. §§1631 et seq.*] * * * with respect to any person is liable to such person in an amount equal to the sum of –
>
> > (1) any actual damage sustained by such person as a result of the failure;
> >
> > (2)(A)(i) in the case of an individual action twice the amount of any finance charge * * *. (so-called "statutory damages.")
>
> * * * In connection with the disclosures referred to in section 128 [15 USCS § 1638], a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 125 [15 USCS § 1635] or of paragraph (2) (insofar as it requires disclosure of the "amount financed"), (3), (4), (5), (6), or (9) * * *.

*15 U.S.C. § 1640(a).*

In the instant case, Plaintiffs' claims are based on these two causes of action under the TILA. *See Plaintiffs' Complaint, page 3.*

Plaintiffs did not suffer any TILA actual damages *§ 1640(a)(1)*. It is undisputed that the finance charge, amount financed and total of payments listed on the Retail Installment – Sale Agreement and Security Agreement ("RISA") were accurate. As Defendant has argued in its two previous memoranda (Documents 10 and 14), if anything, the Net Trade-in Allowance Amount only benefits Plaintiffs by reducing the cost of the Mercedes. Plaintiffs acknowledge their lack of actual damages because, in their Motion for Summary Judgment, they drop this ground and only argue for judgment for statutory damages pursuant to *15 U.S.C. § 1640(a)(2)(A)(i)*. Plaintiffs cannot sustain their claim for actual damages under *§ 1640(a)(1).*

Likewise, Plaintiffs cannot sustain their remaining cause of action for statutory damages pursuant to *15 U.S.C. § 1640(a)(2)*. As stated *supra*, a creditor is only liable under *§ 1640* for violations of certain specified sections of the TILA. In the instant case, Plaintiffs refer to *Regulation Z, 12 C.F.R. § 226.14* which "prescribes the form in which a creditor must disclose the items pursuant to *15 U.S.C. § 1638.*" *Baker, 349 F.3d at 865.* However, a creditor is liable under *§ 1640* for only certain violations of *15 U.S.C. § 1638.* As previously noted, in pertinent part, *§ 1640* states

> In connection with the disclosures referred to in section 128 [15 USCS § 1638], a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 125 [15 USCS § 1635] or of paragraph (2) (insofar as it requires disclosure of the "amount financed"), (3), (4), (5), (6), or (9) * * *.

*15 U.S.C. § 1640(a).*

*See also, Brown v. Payday Check Advance, Inc., 202 F.3d 98, 991 (7th Cir. 2000) cert. denied, 531 U.S. 820 (2000) ("Statutory damages are available * * * 'only for failing to comply with requirements of * * * paragraph (2) (insofar as it requires a disclosure of the 'amount financed'*

*), (3), (4), (5), (6), or (9) of section 1638(a) of this title * * * .”); Baker v. Sunny Chevrolet, Inc., 349 F.3d 862, 872( Guy, concurring) ( statutory damages confined to closed list of enumerated subsections of § 1638): Dykstra v. Wayland Ford, Inc., 134 Fed. Appx. 911 (6th Cir. 2005).* Therefore, the question in the instant case is whether Plaintiffs can prove that Defendant violated the disclosure requirements of *§ 1638(2),* the “amount financed”*, (3)* the “finance charge”*, (4)* the “annual percentage rate”*, (5)* the “total payments”*, (6)* the number, amount, and due dates or period of payments *or (9 )*where credit is secured, a statement that the security interest has been taken. It is undisputed that Defendant has not violated any of these disclosures and, therefore, is not liable under *15 U.S.C. § 1640(a)(2).*

For the reasons cited herein, as well as those raised in Defendant’s previous memoranda and those that may be raised at hearing, Defendant respectfully requests that summary judgment enter in its favor on Plaintiff’s Complaint.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on June 12, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto