**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

NICHOLAS FITTS and LORRAINE FITTS,

Plaintiffs,

vs. CA 07 – 147 ML

KING RICHARD'S AUTO CENTER, INC,
d/b/a East Providence Mitsubishi,

Defendant.

---

Plaintiffs' Motion for Leave To Amend Complaint

and

Plaintiffs' Motion to Reopen Discovery

Now come the Plaintiffs, in response to the Affidavit the defendant filed last week, and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 15 of the Local Rules of Civil Procedure, and request permission to amend their complaint in this matter and to reopen discovery. In support of these motions, the Plaintiffs rely on the accompanying Memorandum which includes the proposed Amended Complaint.

The Plaintiffs,
By Their Attorney,

/s/ John T. Longo

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Certificate of Service**

I certify that on _6/1608_ I electronically filed this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participants received notice electronically:

Michael A. DeSisto, Esq. michael@desistolaw.com
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

/s/ John T. Longo

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

NICHOLAS FITTS and LORRAINE FITTS,

Plaintiffs,

vs. CA 07 – 147 ML

KING RICHARD'S AUTO CENTER, INC,
d/b/a East Providence Mitsubishi,

Defendant.

---

Plaintiffs' Memorandum In Support of Their

Motion for Leave To Amend Complaint and Motion to Reopen Discovery

Ostensibly to shed light on the document that is at the heart of this dispute – the Retail Installment Sales Agreement (RISA) dated September 30, 2007 (Exhibit B) – last week the Defendant car dealer submitted a Cash Purchase Agreement dated *October 3, 2006* (CPA) (Exhibit C) and an Affidavit (Exhibit D).

In the Affidavit, the dealer stated the price of the Mercedes "was calculated as follows: the anticipated balance due on the Taurus car loan of $10,000 plus $9,300 from the plaintiffs by cash or financing." In other words, the dealer inflated the sales price of the Mercedes to $19,300 because it anticipated having to pay $10,000 to pay-off the loan on the Taurus the Plaintiffs traded in.

Taking the affidavit at face value, that means:

1) but for the trade in, the dealer would have sold the Plaintiffs the Mercedes for $9,300; and

2) after the loan on the Taurus was paid-off, the Taurus should have been returned to the Plaintiffs or the money generated from its sale should have been credited to the Plaintiffs. (This is because, as documented on the RISA, the Plaintiffs borrowed and paid the dealer both the $9,300 for the Mercedes and the $10,000 to pay off the Taurus.)

But the dealer kept the Taurus and did not credit any money from its sale to the Plaintiffs. Again taking the Affidavit at face value, the dealer appears to have confessed to wrongfully converting the Taurus, or the money it received when it presumably sold it free and clear of any liens, to its own use.

The Plaintiffs first learned of the apparent conversion when the dealer filed the Affidavit. While the Plaintiffs still contend they are entitled to Summary Judgment under the Truth In Lending Act, they therefore seek to add a conversion/theft claim to their Complaint. They also seek to to reopen discovery so they can investigate what happened to the cash realized when the Taurus was sold, why it was not credited to the Plaintiffs, and why the dates on the RISA and the CPA are inconsistent. The Plaintiffs,

By Their Attorney,

/s/ John T. Longo

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Certificate of Service**

I certify that on _6/16/08_ I electronically filed this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participants received notice electronically:

Michael A. DeSisto, Esq. michael@desistolaw.com
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

/s/ John T. Longo
_______________________

# Exhibit A

Proposed Amended Complaint

# Proposed Amended Complaint

Changes from the original Complaint are underlined.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

NICHOLAS FITTS and LORRAINE FITTS,

Plaintiffs,

vs.

CA 07 – 147 ML
Jury Trial Requested

KING RICHARD'S AUTO CENTER, INC,
d/b/a East Providence Mitsubishi,

Defendant.

---

## Amended Complaint

### Introduction

1. The Plaintiffs allege the Defendant failed to disclose the negative equity they had in a vehicle they traded in to the Defendant when they bought, and financed, another vehicle from the dealership. They assert the failure violated the federal Truth In Lending Act and they seeks actual damages, statutory damages under 15 USC 1640(a)(2)(A)(i), and attorney fees under 15 USC 1640 (a)(3). They also assert the Defendant wrongfully converted the vehicle they traded in to its own benefit; a practice in the auto sales business that is sometimes referred to as "swallowing the trade-in."

### Parties/Jurisdiction/Venue

2. The Plaintiff Nicholas Fitts is a resident of Whitinsville, Massachusetts.

3. The Plaintiff Lorraine Fitts is a resident of Whitinsville, Massachusetts.

4. The Defendant King Richard's Auto Center, Inc., does business as East Providence Mitsubishi (EP Mitsubishi), and is a corporation, organized and existing under the laws of the State of Rhode Island, with its principal place of business in East Providence, Rhode Island.

5. EP Mitsubishi is a "creditor" within the meaning of the federal Truth In Lending Act (TILA), including 15 USC 1602(f) and 12 CFR §226.2(a)(17) (also known as Regulation Z).

6. This court has jurisdiction over this action pursuant to 15 USC 1640(e) and 28 USC 1331 and 1337 (a).

7. Venue is proper in this court because the conduct complained of took place in Rhode Island and the Defendant is located in Rhode Island.

**Factual Allegations Common To All Counts**

8. On or about October 3, 2006, the Plaintiffs negotiated to trade in a 2001 Ford Taurus (Taurus) and purchase a 2002 Mercedes Kompressor (Mercedes) from EP Mitsubishi.

9. As part of the negotiations, EP Mitsubishi presented the Plaintiffs with a Retail Installment Sales Agreement (RISC) which included financing terms and which contained certain disclosures required by the federal Truth In Lending Act (TILA).

10. A copy of the RISC, including the TILA disclosures, EP Mitsubishi presented to the Plaintiff is attached as Exhibit A.

11. On the RISC, EP Mitsubishi made certain disclosures and representations regarding the equity in the Taurus the Plaintiffs would be trading in as part of the contemplated transaction.

12. The Truth In Lending Act required EP Mitsubishi to disclose the value of the Taurus which the Plaintiffs would be trading in as part of the contemplated transaction.

13. On the RISC, EP Mitsubishi disclosed to, and represented to, the Plaintiffs that there was $353.28 in equity in the Taurus which they would be trading in as part of the contemplated transaction.

14. On the RISC, EP Mitsubishi applied the alleged $353.28 of equity towards the purchase price of the Mercedes, listing that amount as a "Downpayment" towards the Mercedes.

15. Based in part on the representations made in the RISC, the Plaintiffs traded in the Taurus and signed the RISC agreeing to purchase the Mercedes for $19,300.00.

16. At the time it presented the RISC to the Plaintiffs, EP Mitsubishi knew there was no equity in the Taurus.

17. At the time it presented the RISC to the Plaintiffs, EP Mitsubishi knew there was actually more owed on the Taurus than it was worth.

18. On the RISC, EP Mitsubishi falsely represented to the Plaintiffs that there was equity in the Taurus and they were therefore making a down payment on the Mercedes.

19. On the RISC, EP Mitsubishi falsely represented to third-party investors, including The Greenwood Credit Union, that there was equity in the Taurus and the Plaintiffs were therefore making a down payment on the Mercedes.

20. On the RISC, EP Mitsubishi falsely represented to government auditors who might audit financial institutions, including The Greenwood Credit Union, that it (the financial institution) was the holder of a loan for a car on which the borrower had put a cash down payment thereby misleading the auditors regarding the true value of the loan and, by extension, the soundness of the institution's loan portfolio.

**Count 1 – Truth In Lending Act Violation**

21. The Plaintiffs reassert the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

22. The disclosures EP Mitsubishi made in conjunction with the consumer credit transaction described in this Complaint violated the requirements of the Truth In Lending Act in the following respects:

a) By failing to disclose the negative equity in the Taurus as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2, and as required by the Final Rule the Board of Governors of the Federal Reserve System issued regarding the disclosure of negative equity which is found at 63 Fed. Reg. 16669.

b) By disclosing a sales price for the Mercedes that was higher than that which a cash buyer would have paid, thereby failing to disclose the true cost of the credit being extended to the Plaintiff as required by 15 USC 1605, and as required by Regulation Z, including 12 CFR 226.2.

22. The Plaintiff suffered damages a result of EP Mitsubishi's wrongful disclosures including actual damages, statutory damages and attorney fees.

**Wherefore,** the Plaintiffs Nicholas Fitts and Lorraine Fitts request relief against the Defendant EP Mitsubishi, as follows:

A. A judgment against EP Mitsubishi in an amount equal to the actual damages they sustained.

B. A judgment against EP Mitsubishi for statutory damages computed in accordance with 15 USC 1640(a)(2)(A)(i).

C. A judgment against EP Mitsubishi for attorney fees pursuant to 15 USC 1640(a)(3).

D. A judgment against EP Mitsubishi for costs.

E. Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

F. Trial by jury on all issues so triable.

G. Any and all other relief that may be just and appropriate and to which the plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

**Count 2 – Conversion/Theft**

23. The Plaintiffs reassert the facts and allegations contained in all the proceeding paragraphs and incorporate them into this Count.

24. The Defendant agreed to sell the Plaintiffs the Mercedes for $9,300 but required them to also borrow $10,000 to pay off the loan on their Taurus.

25. The Plaintiffs entrusted the Taurus to the Defendant based upon its representations to them.

26. The Plaintiffs paid the Defendant both the $9,300 for the Mercedes and the $10,000 to pay off the loan on the Taurus.

27. After the Plaintiffs paid off the loan on the Taurus, the Defendant kept the Taurus and converted it to its own use.

28. The Defendant's conduct described in this Count was deliberate, malicious and illegal.

29. The Defendant's conduct described in this Count violated one or more of the following Rhode Island criminal laws:

a. 11-41-1 Stealing as Larceny

b. 11-41-11.1 Unlawful Approriation
c. 11-41-3 Embezzlment and Fraudulent Conversion
d. 11-41-4 Obtaining Property by False Pretenses

30. The Defendant's conduct described in this Count constituted a criminal offense under Rhode Island law.

31. Pursuant to RIGL 9-1-2, the Defendant is civilly liable to the Plaintiff for twice the value of the property it obtained, specifically, the Taurus.

32. The value of the Taurus was at least $ 7,960.

**Wherefore,** the Plaintiffs Nicholas Fitts and Lorraine Fitts request relief against the Defendant EP Mitsubishi, as follows:

A. A judgment against EP Mitsubishi in an amount equal to the actual damages they sustained.

B. A judgment against EP Mitsubishi for twice the value of the Taurus.

C. A judgment against EP Mitsubishi for punitive damages.

D. A judgment against EP Mitsubishi for costs.

E. Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

F. Trial by jury on all issues so triable.

H. Any and all other relief that may be just and appropriate and to which the Plaintiffs may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Jury Demand

The Plaintiffs request a trial by jury on all counts.

Nicholas Fitts and
Lorraine Fitts,
By their Attorney,

_____________________________
John T. Longo, Esq./#4928

681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

# Exhibits B, C and D

The following exhibits are being filed as a separate CM/ECF document:

| | |
|---|---|
| Exhibit B | Retail Installment Sales Agreement (RISA) dated 9/30/07 |
| Exhibit C | Cash Purchase Agreement (CPA) dated 10/3/06 |
| Exhibit C | Defendant’s Affidavit |