**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

NICHOLAS FITTS and LORRAINE FITTS,

Plaintiffs,

vs. CA 07 – 147 ML

KING RICHARD'S AUTO CENTER, INC,
d/b/a East Providence Mitsubishi,

Defendant.

---

**Plaintiffs' Supplemental Memorandum of Law**
**In Opposition to Defendant's Motion for Summary Judgment**

**and**

**Plaintiffs' Request To Withhold Ruling on Motions For Summary Judgment**

# Plaintiffs' Exhibits

| | |
|---|---|
| Exhibit A | Statutory Damages Discussion from Truth In Lending |
| Exhibit B | Retail Installment Sales Agreement (RISA) dated 9/30/06 |
| Exhibit C | Calculation of TILA Disclosures |
| Exhibit D | Defendant's Affidavit |
| Exhibit E | Defendant's 'Negative Equity Disclosure' |

**Certificate of Service**

I certify that on _6/25/08_ I electronically filed this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participants received notice electronically:

Michael A. DeSisto, Esq. michael@desistolaw.com
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

/s/ John T. Longo
______________________________

## 8.6 Statutory Damages

### *8.6.1 General: Availability, Purpose, and Character*

For certain TIL violations, statutory damages are available in addition to actual damages, costs, and attorney fees.[324] To obtain statutory damages the consumer need not show that the creditor intended or knew about the violation or that the consumer was deceived.[325] The consumer need not even have been aware of the information in the disclosure statement.[326] Nor need the consumer show any actual damages.[327] Statutory damages may be awarded even after the loan in question has been paid off.[328]

The purpose of the statutory damage liability is to provide an economic incentive for creditors to comply with the Act's requirements,[329] and consumers are intended to act as "private attorneys general" to facilitate enforcement.[330] Frequently, an award of statutory damages is made upon summary judgment based upon the pleadings and contract. Once liability is established, the imposition of damages for violations is mandatory.[331]

324 15 U.S.C. § 1640(a)(2)(A) & (3).

325 Zamarippa v. Cy's Car Sales, Inc., 674 F.2d 877 (11th Cir. 1982); Smith v. Chapman, 614 F.2d 968 (5th Cir. 1980); Dzadovsky v. Lyons Ford Sales, Inc., 593 F.2d 538 (3d Cir. 1979); McGowan v. King, Inc., 569 F.2d 845 (5th Cir. 1978); Newton v. United Companies Fin. Corp., 24 F. Supp. 2d 444 (E.D. Pa. 1998); *In re* Norris, 138 B.R. 467 (E.D. Pa. 1992) (TIL violation presumed to injure borrower by frustrating legislative purpose; debtor need not establish actual harm); Shepeard v. Quality Siding & Window Factory, Inc., 730 F. Supp. 1295, 1299 (D. Del. 1990); Ralls v. Bank of New York (*In re* Ralls), 230 B.R. 508 (Bankr. E.D. Pa. 1999); Hawaii Community Fed. Credit Union v. Keka, 11 P.3d 1 (Haw. 2000); Warren v. Darnell, 164 Ill. App. 3d 273, 115 Ill. Dec. 225, 517 N.E.2d 636 (1987). *See also* Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 218 (3d Cir. 2002) (dictum).

326 Ralls v. Bank of New York (*In re* Ralls), 230 B.R. 508 (Bankr. E.D. Pa. 1999).

327 DeMando v. Morris, 206 F.3d 1300 (9th Cir. 2000); Edwards v. Your Credit, Inc., 148 F.3d 427 (5th Cir. 1998); Herrera v. First Northern Sav. & Loan Ass'n, 805 F.2d 896 (10th Cir. 1986); Mars v. Spartanburg Chrysler-Plymouth, Inc., 713 F.2d 65 (4th Cir. 1983); Huff v. Stewart-Gwinn Furniture, 713 F.2d 67 (4th Cir. 1983) (creditor liable for technical violation even though borrower suffered no damage or actual injury and was not misled as a result of the violations); Dryden v. Lou Budke's Arrow Fin. Co., 630 F.2d 641 (8th Cir. 1980) (creditor's abandonment of transaction and his refund of the consumer's money does not relieve liability; the consumer need not show any actual damages); Smith v. Chapman, 614 F.2d 968 (5th Cir. 1980) (an objective standard is to be used in determining TIL violations; the consumer need not be deceived for there to be a violation); Dzadovsky v. Lyons Ford Sales, Inc., 593 F.2d 538 (3d Cir. 1979); McGowan v. King, Inc., 569 F.2d 845 (5th Cir. 1978); Little Redhouse v. Quality Ford Sales, Inc., 523 F.2d 1 (10th Cir. 1975); White v. Arlen Realty & Dev. Corp., 540 F.2d 645 (4th Cir. 1975); Stutzka v. Walters, 2006 WL 861284 (D. Neb. Mar. 28, 2006); Kurz v. Chase Manhattan Bank, 273 F. Supp. 2d 474 (S.D.N.Y. 2003); Cannon v. Cherry Hill Toyota, Inc., 161 F. Supp. 2d 362 (D.N.J. 2001); Larson v. Lynch Ford, Inc., 2001 U.S. Dist. LEXIS 9211 (N.D. Ill. June 29, 2001); Hobson v. Lincoln Ins. Agency, 2001 U.S. Dist. LEXIS 7526 (N.D. Ill. June 4, 2001); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D. Ill. Nov. 1, 1999); Clay v. Johnson, 22 F. Supp. 2d 832 (N.D. Ill. 1998), *rev'd on other grounds*, 264 F.3d 744 (7th Cir. 2001); Shepeard v. Quality Siding & Window Factory, Inc., 730 F. Supp. 1295, 1299 (D. Del. 1990); Detillo v. J.R. Moore Farm Supply, Inc., 449 F. Supp. 559, 561 (W.D. Pa. 1978) ("a violation is deemed to have occurred upon any non-compliance with the Act's precise, technical requirements . . . and such a violation takes place even if the creditor acts in good faith, without any purpose to mislead, and even without detrimental reliance on the part of the consumer"); Patchell v. Option One Mortgage Corp. (*In re* Patchell), 336 B.R. 1 (Bankr. D. Mass. 2005); Bilal v. Household Fin. Corp. (*In re* Bilal), 296 B.R. 828 (Bankr. D. Kan. 2003); Apgar v. Homeside Lending, Inc. (*In re* Apgar), 291 B.R. 665 (Bankr. E.D. Pa. 2003); Ralls v. Bank of New York (*In re* Ralls), 230 B.R. 508 (Bankr. E.D. Pa. 1999); *In re* Pittman, 165 B.R. 586 (Bankr. D. Md. 1994); Moore v. Canal Nat'l Bank, 409 A.2d 679 (Me. 1979) (no defense to TIL violation that the debtor suffered no actual damage from the violation); Kadlec Motors, Inc. v. Knudson, 383 N.W.2d 342 (Minn. Ct. App. 1986) (liability imposed regardless of harm); Addison v. Britt, 83 N.C. App. 418, 350 S.E.2d 158 (1986). *See also* S. Rep. No. 278, 93d Cong., 1st Sess. 15 (1973) ("most Truth in Lending violations do not involve actual damages and . . . some meaningful penalty provisions are therefore needed to insure compliance"); Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 218 (3d Cir. 2002) (dictum); § 8.5.2, *supra*. *Cf.* Lowry's Reports, Inc. v. Legg Mason, 302 F. Supp. 2d 455 (D. Md. 2004) (copyright case) (inability to prove or properly compensate for actual harm is not a bar to statutory damages; in fact, it is one reason why such damages are available). *But see* Streit v. Fireside Chrysler-Plymouth, Inc., 697 F.2d 193 (7th Cir. 1983) (creditor not liable for technical violation of failing to give plaintiff a duplicate of the retail installment contract where consumer had not been misled nor financially harmed *and* the consumer unilaterally breached the contract almost immediately after it was entered); Watkins v. Simmons & Clark, Inc., 618 F.2d 398 (6th Cir. 1980) (since violations were technical, no actual damage was shown, and the creditor revised its form after suit, there was no abuse of discretion in denying class certification).

328 *See, e.g.*, Vollett v. Remy, 1993 WL 415485 (Ohio Ct. App. Oct. 15, 1993).

329 *In re* Marshall, 121 B.R. 814 (Bankr. C.D. Ill. 1990) (statutory damages are to deter future violations), *aff'd*, 132 B.R. 904 (C.D. Ill. 1991), *aff'd*, 970 F.2d 383 (7th Cir. 1992); *In re* Perkins, 106 B.R. 863, 864 (Bankr. E.D. Pa. 1989). *See also* Jones v. Progressive-Home Fed. Sav. & Loan Ass'n, 122 B.R. 246 (W.D. Pa. 1990) (statutory penalty designed to enforce federal policy of adequate disclosure).

330 *See, e.g.*, Edwards v. Your Credit, Inc., 148 F.3d 427 (5th Cir. 1998); Rodash v. AIB Mortgage Co., 16 F.3d 1142 (11th Cir. 1994); Ives v. W.T. Grant Co., 522 F.2d 749 (2d Cir. 1975); Egipciaco-Ruiz v. R&G Mortgage Corp., 2005 WL 3830967 (D. P.R. Sept. 21, 2005); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D. Mich. 2001); Steinbrecher v. Mid-Penn Consumer Discount Co., 1990 WL 117979 (E.D. Pa. Aug. 10, 1990).

331 *See* Rodrigues v. U.S. Bank (*In re* Rodrigues), 278 B.R. 683 (Bankr. D.R.I. 2002); Equity Plus Consumer Fin. & Mortgage

Plaintiffs' Supplemental Memorandum of Law
*Filed June 25, 2008*
**Exhibit A**

2 pages

Statutory damages are often referred to as civil "penalties" because the monetary award is unrelated to any harm that the consumer may suffer. This common use of the word "penalties," combined with Act's provision for criminal liability,[332] gave rise to arguments that statutory damages are penal and therefore must be construed narrowly. These arguments, however, were largely silenced by the Supreme Court's opinion in *Mourning v. Family Publications Service*.[333]

Questions regarding the penal nature of TIL statutory damages remain relevant in only narrow circumstances. The first relates to the survival of the claim upon the consumer's death: should the consumer's TIL cause of action be permitted to survive and pass to the estate? If an award of damages is a "penalty," then the action generally does not survive the party's death. The leading cases conclude that statutory damages are not a penalty, but rather have a remedial purpose.[334] The question has also arisen in a second context, the award of prejudgment interest. One decision holds prejudgment interest on statutory damages is not proper because they are in the nature of a penalty, although interest on actual damages might be.[335]

Even if statutory damages are not penal, some might argue that they are punitive and therefore subject to restrictive applicability. Indeed, the original language of the proposed bill leading to the 1974 amendments to the TIL civil liability provisions referred to the statutory award as "punitive."[336] Subsequent versions of the proposed bill changed "punitive damages" to "additional amount,"[337] and ultimately to "award."[338] Hence, the statute on its face avoids mention of punitive damages;[339] courts should construe statutory damages as purely remedial.

The HOEPA provisions for enhanced statutory damages are discussed at § 9.6.1, *infra*.

## 8.6.2 Calculating TIL Statutory Damages

### 8.6.2.1 General Calculation Rules

TILA divides transactions into three categories for purposes of calculating statutory damages in individual actions:

- Closed-end credit secured by real property or a dwelling: double the finance charge, with a minimum award of $200 and a cap of $2,000.[340] Some courts have held that they have discretion to set statutory damages anywhere between $200 and $2,000, without regard to the amount of the finance charge,[341] but this interpretation

---

v. Howes, 861 P.2d 214 (N.M. 1993). *See generally* § 1.4.2.3.2, *supra*.

332 15 U.S.C. § 1611.

333 411 U.S. 356, 93 S. Ct. 1652, 36 L. Ed. 2d 318 (1973) ("since the civil penalty prescribed is modest . . . we need not construe this section narrowly as a criminal statute"). *Cf.* Leverett v. Bishop Furniture Co., 451 F. Supp. 289 (D.S.C. 1978) (denial of permission to proceed in forma pauperis, describing statutory damages as a "windfall penalty"). ***But see*** Fletcher v. Rhode Island Hosp. Trust Nat'l Bank, 496 F.2d 927 (1st Cir. 1974) (decided after *Mourning* but without any reference to it). *Leverett*'s denial of in forma pauperis status is questionable. *See* H.R. Rep. No. 1079, 52d Cong., 1st Sess. 1–2 (1892) (congressional intent in enacting in forma pauperis law to open the federal courts to persons seeking money damages); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948) (allowing in forma pauperis for suit for money damages); Sinwell v. Sharp, 536 F.2d 15, 19 (3d Cir. 1976) (use of in forma pauperis should depend primarily on whether the litigant is economically eligible).

334 Smith v. No. 2 Galesburg Crown Fin. Corp., 615 F.2d 407 (7th Cir. 1980) ("the measure of damages is not so severe as to render it penal"); *In re* Wood, 643 F.2d 188 (5th Cir. 1980) (although characterized as penal, statutory damages are not penal for survival purposes); James v. Home Constr. Co., 621 F.2d 727 (5th Cir. 1980); Riggs v. Government Employees Fin. Corp., 623 F.2d 68 (9th Cir. 1980); Barrett v. Stamford Motors, Inc., No. B-85-49 (D. Conn. Dec. 10, 1986) (TIL damages are remedial and a TIL cause of action survives the death of the plaintiff debtor). *See also* Maney v. Anderson Chevrolet-Olds, Inc., Clearinghouse No. 28,398 (W.D.N.C. 1979); Johnson v. Farmers & Merchants State Bank, 320 N.W.2d 892 (Minn. 1982). *Cf.* Murphy v. Household Fin. Corp., 560 F.2d 206 (6th Cir. 1977); Porter v. Household Fin. Corp., 385 F. Supp. 336 (S.D. Ohio 1974). *But cf.* Newton v. Beneficial Fin. Co., 558 F.2d 731 (5th Cir. 1977) (protecting the consumer by ruling that a debt discharged in bankruptcy may not be used to offset a Truth in Lending claim arising from the same debt, because a discharged debt may not offset a penalty; *see* § 8.2.4, *supra*).

335 Marshall v. Security State Bank of Hamilton (Matter of Marshall), 970 F.2d 383 (7th Cir. 1992).

336 118 Cong. Rec. S6884 (Apr. 27, 1982).

337 *Id.*

338 15 U.S.C. § 1640(a).

339 *Cf.* the liability provisions of the Equal Credit Opportunity Act, another Title of the Consumer Credit Protection Act, which characterizes non-actual damages as punitive. 15 U.S.C. § 1691e(b).

340 15 U.S.C. § 1640(a)(2)(A)(iii).

341 *See, e.g.*, Ramirez v. Household Fin. Corp III (*In re* Ramirez), 329 B.R. 727 (Bankr. D. Kan. 2005) (bankruptcy court had discretion to award $200 for each of two violations, particularly in light of substantial reduction of mortgage lender's claim due to offsets); Merriman v. Beneficial Mortgage Co. of Kansas, Inc. (*In re* Merriman), 329 B.R. 710 (Bankr. D. Kan. 2005) (bankruptcy court had discretion to award $200 for each of two violations, particularly in light of substantial reduction of mortgage lender's claim due to offsets); Robertson v. Strickland (*In re* Robertson), 333 B.R. 894 (Bankr. M.D. Fla. 2005) (awarding $200 as TIL statutory damages because defendant acted in good faith). *See also In re* United Cos. Fin. Corp., 267 B.R. 524 (D. Del. 2000) (reading (iii) to allow statutory damages of $200 to $2,000, not limited by the double-the-finance-charge language of (i)); Bell v. Parkway Mortgage, Inc. (*In re* Bell), 309 B.R. 139 (Bankr. E.D. Pa. 2004), *as amended by* 314 B.R. 54 (Bankr. E.D. Pa. 2004) (same); Mourer v. Equicredit Corp. (*In re* Mourer), 287 B.R. 889 (Bankr. W.D. Mich. 2003) (same), *aff'd in part, rev'd in part on other grounds*, 309 B.R. 502 (W.D. Mich. 2004); Williams v. BankOne (*In re* Williams), 291 B.R. 636 (Bankr. E.D. Pa. 2003) (same); Rodrigues v. U.S. Bank (*In*

...d Seller ("us," "we," or "our"), and Buyer(s) ("you" or "your"). EAST PROVIDENCE RI on SEPTEMBER 30 20 06 between

..., the undersigned Seller, sell and you, the undersigned Buyer(s), buy the motor vehicle described below, together with its equipment and ..., on the terms stated on the front and back of this Agreement. You, jointly and severally if more than one, promise to pay us at the credit ...om we assign this Agreement (the "Credit Union") the Amount Financed stated below together with interest upon the balance of the Amount ...which may be outstanding from time to time at the Annual Percentage Rate stated below in the monthly installments stated below until paid in ...payments will be applied first to interest accrued to the date upon which such payments are made, second to late fees, and the remainder to the ...al outstanding.

To secure payment and performance of your obligations under this Agreement, you grant us a security interest in the motor vehicle together ...all accessions and other additions added to the motor vehicle within ten (10) days of this Agreement and their proceeds, including insurance pro...eds (all of which we refer to as "Motor Vehicle"). You agree that if the Credit Union becomes the holder of this Agreement, it will have the right of ...toff, which is its right to transfer any of your funds or shares held by it in order to reduce or extinguish this or any other of your indebtedness to it, as permitted by law.

You agree that you will pay all costs of collection, including reasonable attorney's fees.

| NEW | USED | MODEL YEAR | MAKE AND MODEL | BODY TYPE | VEHICLE IDENTIFICATION NUMBER | Unless checked here ☐, the Motor Vehicle is purchased for personal, family or household purposes |
|---|---|---|---|---|---|---|
| | X | 2002 | MERCEDES C230 | 2 DOOR COUPE | WDBRN47J02A197185 | |

EQUIPPED WITH ITEMS CHECKED: RADIO / STEREO | AUTO TRANS. | MAN. TRANS. | POWER STEERING | POWER BRAKES | POWER WINDOWS | POWER SEATS | AIR COND. | WHEEL COVERS | TINTED GLASS | VINYL ROOF/TRIM | UNDER COATING

DESCRIPTION OF SPECIAL EQUIPMENT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 353.28 |
|---|---|---|---|---|
| 12.39 % | $ 9287.72 | $ 21619.72 | $ 30907.44 | $ 31260.72 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 72 | $ 429.27 | On the 14th day of each month, beginning on 11/14/2006 |
| | $ N/A | |

**Security:** You are giving a security interest in the Motor Vehicle being purchased.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
**Late Fee:** If any payment is received more than ten (10) days after it is due, you will be charged five percent (5%) of the payment amount.
**Other Terms:** Please read this Agreement, including the reverse side, for additional information on security interests, nonpayment, default, and our right to require repayment in full before the scheduled maturity date.

Federal Box

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including any accessories and services) .......... $ 19300.00 (1)
2. Total Downpayment = Net Trade-in $ 353.28 + Cash Downpayment $ N/A
   Your Trade-in is a 2001 FORD TAURUS (Year Make Model) $ 353.28 (2)
3. Unpaid Balance of Cash Price (1 minus 2) .......... $ 18946.72 (3)
4. Amounts Paid to Others on Your Behalf (Other Charges).
   A. Cost of Optional Credit Insurance for the Term of this Contract Paid to:
   (Name of Insurance Company) N/A
   Credit Life Ins. $ N/A Disability, Accident & Health Ins. $ N/A $ N/A
   B. Cost of Optional Mechanical Repair Insurance Covering Certain Mechanical Repairs Paid to:
   (Name of Insurance Company) $ 1599.00
   C. Cost of Single Interest Insurance for the term of this agreement .......... $ 60.00
   D. Sales Taxes Paid to Government Agencies .......... $ 465.00
   E. Certificate of Title Fees Paid to Government Agencies .......... $ 114.00
   F. Other Charges (Seller must identify who will receive payment and describe purpose)
   to GREENWOOD CREDIT UNION for SHARE ACCOUNT DEPOSIT $ 5.00
   G. Other Charges (Seller must identify who will receive payment and describe purpose)
   to EAST PROVIDENCE MITSUBISHI for DOC FEE $ 75.00
   H. Other Charges (Seller must identify who will receive payment and describe purpose)
   to ______ for GAP INSURANCE $ 355.00
   Total Amounts Paid to Others on Your Behalf (Other Charges) .......... $ 2673.00 (4)
5. Amount Financed (3 + 4) .......... $ 21619.72 (5)

**Insurance: You cannot be denied credit simply because you choose not to buy credit insurance. Credit-life insurance and credit-accident and -health insurance are not required to obtain credit. Insurance will not be provided unless you sign and agree to pay the additional charge. Please see #4A above for the cost of insurance.**

Buyer wants single credit-life insurance ______ Signature
Buyers want joint credit-life insurance ______ Buyer's Signature
Buyer wants credit-accident and -health insurance ______ Signature
______ Co-Buyer's Signature

You may obtain property insurance, including required vendor's single-interest insurance, from anyone you want that is acceptable to us. If you purchase the vendor's single-interest insurance from us, the cost is stated above in #4C.

LIABILITY-INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

You agree that the Motor Vehicle will be kept (principally garaged) at the address of the Buyer below unless a different address is filled in as follows:

______ Number and street ______ City or town ______ State

**NOTICE TO THE BUYER: 1. Do not sign this contract if any of the spaces intended for the agreed terms to the extent of the then-available information are left blank. 2. You are entitled to an exact copy of the contract you have signed. 3. Under the law, you have the following rights, among others: (a) to pay off in advance the full amount due and to obtain a partial refund of the finance charge; (b) to redeem the property repossessed for default; and (c) to require, under certain conditions, a resale of the property if repossessed.**

You acknowledge that you have received an exact copy of this Agreement signed by us and completely filled in where applicable before you signed this Agreement. Signed and sealed as of the above date.

BUYER (Please print) LORRAINE T FITTS
Address 27 EAST ST
WHITINSVILLE MA 01588
Signature [signature]

CO-BUYER (Please print) NICHOLAS FITTS
Address 27 EAST ST
WHITINSVILLE MA 01588
Signature [signature]

SELLER EAST PROVIDENCE MITSUBISHI
By (please print)
Address 801-803 TAUNTON AVE
EAST PROVIDENCE RI 02914
Signature [signature]

THE TERMS OF THIS AGREEMENT ARE CONTAINED ON BOTH SIDES OF THIS PAGE
White - Credit Union Yellow - Buyer Pink - Dealer

Fitts v East Providence Mitsubishi

Plaintiffs' Supplemental Memorandum of Law
Filed June 25, 2008
**Exhibit B**

26-04-3P

Plaintiffs' Supplemental Memorandum of Law
*Filed June 25, 2008*

# Exhibit C

10 pages

| | | | RISA | Alternatives | |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | I | II | III |
| 3 | | | As Disclosed on the RISA | If "Net" Trade-in Had Been Disclosed as $0 | If Dealer Had Credited the Value of the Trade-in to the Fitts |
| 4 | **Itemization of Amount Financed** | | | | |
| 5 | 1 | Cash Price | $19,300.00 | $19,300.00 | $19,300.00 |
| 6 | 2 | Down Payment | | | |
| 7 | | Net Trade In | $353.28 | $0.00 | $353.28 |
| 8 | 3 | Unpaid Balance of Cash Price | $18,946.72 | $19,300.00 | $18,946.72 |
| 9 | 4 | Amounts Paid to Others | | | |
| 10 | | A Credit Insurance | $0.00 | $0.00 | $0.00 |
| 11 | | B Mechanical Repair Insurance | $1,599.00 | $1,599.00 | $1,599.00 |
| 12 | | C Single Interest Insurance | $60.00 | $60.00 | $60.00 |
| 13 | | D Sales Tax | $465.00 | $465.00 | $465.00 |
| 14 | | E Title Fees | $114.00 | $114.00 | $114.00 |
| 15 | | F Other - Greenwood Share Account | $5.00 | $5.00 | $5.00 |
| 16 | | G Other - EPM Doc Fee | $75.00 | $75.00 | $75.00 |
| 17 | | H Other-GAP Insurance | $355.00 | $355.00 | $355.00 |
| 18 | | Credit from Sale of Taurus | | | -$5,146.72 * |
| 19 | 5 | Amount Financed (3 + 4) | $21,619.72 | $21,973.00 | $16,473.00 |
| 20 | **Federal Box** | | | | |
| 21 | | Annual Percentage Rate | 12.39% | 11.79% | 23.14% |
| 22 | | Finance Charge | $9,287.72 | $8,934.44 | $14,434.44 |
| 23 | | Amount Financed | $21,619.72 | $21,973.00 | $16,473.00 |
| 24 | | Total Payments | $30,907.44 | $30,907.44 | $30,907.44 |
| 25 | | Total Sale Price | $31,260.72 | $30,907.44 | $30,907.44 |
| 26 | | Including Down Payment of | $353.28 | $0.00 | $0.00 |
| 27 | | | | | |
| 28 | | | | | |
| 29 | | # of Payments | 72 | 72 | 72 |
| 30 | | Monthly Payment | $429.27 | $429.27 | $429.27 |

* Calculated as amount owed on trade-in ($9,646.72 according to Exhibit D) - the amount by which the amount owed exceeded the trade-in's value ($4,500 per Exhibit E).

The amortization schedules that led to these figures are attached in the following pages.

*Version: 6/25/20083:15 PM*

Schedule of Payments



Prepared using software associated with the publications of the National Consumer Law Center

June 25, 2008

# Amortization Schedule

# I

Fitts v King Richards 07-147 ML
Disclosures on RISA

| | |
|---|---|
| Amount Financed: | $21,619.72 |
| Finance Charge: | $9,287.72 |
| Total of Payments: | $30,907.44 |
| Amount of most common payment: | $429.27 |
| Number of Payments (Monthly ): | 72 |
| Number of days in irregular first period: | 45 |
| Amount of any irregular first payment: | NA |
| Amount of any irregular final payment: | NA |
| Annual Percentage Rate (APR): | 12.3898% (12.39%) |

| Pmt # | Month | Payment | Applied To Interest | Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 1 | | | | | |
| 1 | 1 | $429.27 | $334.83 | $94.44 | $21,525.28 |
| 2 | 2 | $429.27 | $222.25 | $207.02 | $21,318.26 |
| 3 | 3 | $429.27 | $220.11 | $209.16 | $21,109.10 |
| 4 | 4 | $429.27 | $217.95 | $211.32 | $20,897.78 |
| 5 | 5 | $429.27 | $215.77 | $213.50 | $20,684.28 |
| 6 | 6 | $429.27 | $213.56 | $215.71 | $20,468.57 |
| 7 | 7 | $429.27 | $211.34 | $217.93 | $20,250.64 |
| 8 | 8 | $429.27 | $209.08 | $220.19 | $20,030.45 |
| 9 | 9 | $429.27 | $206.81 | $222.46 | $19,807.99 |
| 10 | 10 | $429.27 | $204.51 | $224.76 | $19,583.23 |
| 11 | 11 | $429.27 | $202.19 | $227.08 | $19,356.15 |
| 12 | 12 | $429.27 | $199.85 | $229.42 | $19,126.73 |
| Totals for year 1: | | | $2,658.25 | $2,492.99 | |
| Year # 2 | | | | | |
| 13 | 1 | $429.27 | $197.48 | $231.79 | $18,894.94 |
| 14 | 2 | $429.27 | $195.09 | $234.18 | $18,660.76 |
| 15 | 3 | $429.27 | $192.67 | $236.60 | $18,424.16 |
| 16 | 4 | $429.27 | $190.23 | $239.04 | $18,185.12 |
| 17 | 5 | $429.27 | $187.76 | $241.51 | $17,943.61 |
| 18 | 6 | $429.27 | $185.27 | $244.00 | $17,699.61 |
| 19 | 7 | $429.27 | $182.75 | $246.52 | $17,453.09 |
| 20 | 8 | $429.27 | $180.20 | $249.07 | $17,204.02 |
| 21 | 9 | $429.27 | $177.63 | $251.64 | $16,952.38 |
| 22 | 10 | $429.27 | $175.03 | $254.24 | $16,698.14 |
| 23 | 11 | $429.27 | $172.41 | $256.86 | $16,441.28 |
| 24 | 12 | $429.27 | $169.75 | $259.52 | $16,181.76 |
| Totals for year 2: | | | $2,206.27 | $2,944.97 | |

| Pmt # | Month | Payment | Amount Applied To Interest | Amount Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 3 | | | | | |
| 25 | 1 | $429.27 | $167.07 | $262.20 | $15,919.56 |
| 26 | 2 | $429.27 | $164.37 | $264.90 | $15,654.66 |
| 27 | 3 | $429.27 | $161.63 | $267.64 | $15,387.02 |
| 28 | 4 | $429.27 | $158.87 | $270.40 | $15,116.62 |
| 29 | 5 | $429.27 | $156.08 | $273.19 | $14,843.43 |
| 30 | 6 | $429.27 | $153.26 | $276.01 | $14,567.42 |
| 31 | 7 | $429.27 | $150.41 | $278.86 | $14,288.56 |
| 32 | 8 | $429.27 | $147.53 | $281.74 | $14,006.82 |
| 33 | 9 | $429.27 | $144.62 | $284.65 | $13,722.17 |
| 34 | 10 | $429.27 | $141.68 | $287.59 | $13,434.58 |
| 35 | 11 | $429.27 | $138.71 | $290.56 | $13,144.02 |
| 36 | 12 | $429.27 | $135.71 | $293.56 | $12,850.46 |
| | Totals for year 3: | | $1,819.94 | $3,331.30 | |
| Year # 4 | | | | | |
| 37 | 1 | $429.27 | $132.68 | $296.59 | $12,553.87 |
| 38 | 2 | $429.27 | $129.62 | $299.65 | $12,254.22 |
| 39 | 3 | $429.27 | $126.52 | $302.75 | $11,951.47 |
| 40 | 4 | $429.27 | $123.40 | $305.87 | $11,645.60 |
| 41 | 5 | $429.27 | $120.24 | $309.03 | $11,336.57 |
| 42 | 6 | $429.27 | $117.05 | $312.22 | $11,024.35 |
| 43 | 7 | $429.27 | $113.82 | $315.45 | $10,708.90 |
| 44 | 8 | $429.27 | $110.57 | $318.70 | $10,390.20 |
| 45 | 9 | $429.27 | $107.28 | $321.99 | $10,068.21 |
| 46 | 10 | $429.27 | $103.95 | $325.32 | $9,742.89 |
| 47 | 11 | $429.27 | $100.59 | $328.68 | $9,414.21 |
| 48 | 12 | $429.27 | $97.20 | $332.07 | $9,082.14 |
| | Totals for year 4: | | $1,382.92 | $3,768.32 | |
| Year # 5 | | | | | |
| 49 | 1 | $429.27 | $93.77 | $335.50 | $8,746.64 |
| 50 | 2 | $429.27 | $90.31 | $338.96 | $8,407.68 |
| 51 | 3 | $429.27 | $86.81 | $342.46 | $8,065.22 |
| 52 | 4 | $429.27 | $83.27 | $346.00 | $7,719.22 |
| 53 | 5 | $429.27 | $79.70 | $349.57 | $7,369.65 |
| 54 | 6 | $429.27 | $76.09 | $353.18 | $7,016.47 |
| 55 | 7 | $429.27 | $72.44 | $356.83 | $6,659.64 |
| 56 | 8 | $429.27 | $68.76 | $360.51 | $6,299.13 |
| 57 | 9 | $429.27 | $65.04 | $364.23 | $5,934.90 |
| 58 | 10 | $429.27 | $61.28 | $367.99 | $5,566.91 |
| 59 | 11 | $429.27 | $57.48 | $371.79 | $5,195.12 |
| 60 | 12 | $429.27 | $53.64 | $375.63 | $4,819.49 |
| | Totals for year 5: | | $888.59 | $4,262.65 | |

Prepared using software associated with the
publications of the National Consumer Law Cer

June 25, 2008

# Amortization Schedule
# II

Fitts v King Richards 07-147 ML
If Net Trade-In was Disclosed as $0

| | |
|---|---|
| Amount Financed: | $21,973.00 |
| Finance Charge: | $8,934.44 |
| Total of Payments: | $30,907.44 |
| Amount of most common payment: | $429.27 |
| Number of Payments (Monthly ): | 72 |
| Number of days in irregular first period: | 45 |
| Amount of any irregular first payment: | NA |
| Amount of any irregular final payment: | NA |
| Annual Percentage Rate (APR): | 11.7892% (11.79%) |

| Pmt # | Month | Payment | Applied To Interest | Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 1 | | | | | |
| 1 | 1 | $429.27 | $323.81 | $105.46 | $21,867.54 |
| 2 | 2 | $429.27 | $214.83 | $214.44 | $21,653.10 |
| 3 | 3 | $429.27 | $212.73 | $216.54 | $21,436.56 |
| 4 | 4 | $429.27 | $210.60 | $218.67 | $21,217.89 |
| 5 | 5 | $429.27 | $208.45 | $220.82 | $20,997.07 |
| 6 | 6 | $429.27 | $206.28 | $222.99 | $20,774.08 |
| 7 | 7 | $429.27 | $204.09 | $225.18 | $20,548.90 |
| 8 | 8 | $429.27 | $201.88 | $227.39 | $20,321.51 |
| 9 | 9 | $429.27 | $199.65 | $229.62 | $20,091.89 |
| 10 | 10 | $429.27 | $197.39 | $231.88 | $19,860.01 |
| 11 | 11 | $429.27 | $195.11 | $234.16 | $19,625.85 |
| 12 | 12 | $429.27 | $192.81 | $236.46 | $19,389.39 |
| Totals for year 1: | | | $2,567.63 | $2,583.61 | |
| Year # 2 | | | | | |
| 13 | 1 | $429.27 | $190.49 | $238.78 | $19,150.61 |
| 14 | 2 | $429.27 | $188.14 | $241.13 | $18,909.48 |
| 15 | 3 | $429.27 | $185.77 | $243.50 | $18,665.98 |
| 16 | 4 | $429.27 | $183.38 | $245.89 | $18,420.09 |
| 17 | 5 | $429.27 | $180.97 | $248.30 | $18,171.79 |
| 18 | 6 | $429.27 | $178.53 | $250.74 | $17,921.05 |
| 19 | 7 | $429.27 | $176.06 | $253.21 | $17,667.84 |
| 20 | 8 | $429.27 | $173.57 | $255.70 | $17,412.14 |
| 21 | 9 | $429.27 | $171.06 | $258.21 | $17,153.93 |
| 22 | 10 | $429.27 | $168.53 | $260.74 | $16,893.19 |
| 23 | 11 | $429.27 | $165.96 | $263.31 | $16,629.88 |
| 24 | 12 | $429.27 | $163.38 | $265.89 | $16,363.99 |
| Totals for year 2: | | | $2,125.84 | $3,025.40 | |

| Pmt # | Month | Payment | Amount Applied To Interest | Amount Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 3 | | | | | |
| 25 | 1 | $429.27 | $160.77 | $268.50 | $16,095.49 |
| 26 | 2 | $429.27 | $158.13 | $271.14 | $15,824.35 |
| 27 | 3 | $429.27 | $155.46 | $273.81 | $15,550.54 |
| 28 | 4 | $429.27 | $152.77 | $276.50 | $15,274.04 |
| 29 | 5 | $429.27 | $150.06 | $279.21 | $14,994.83 |
| 30 | 6 | $429.27 | $147.31 | $281.96 | $14,712.87 |
| 31 | 7 | $429.27 | $144.54 | $284.73 | $14,428.14 |
| 32 | 8 | $429.27 | $141.75 | $287.52 | $14,140.62 |
| 33 | 9 | $429.27 | $138.92 | $290.35 | $13,850.27 |
| 34 | 10 | $429.27 | $136.07 | $293.20 | $13,557.07 |
| 35 | 11 | $429.27 | $133.19 | $296.08 | $13,260.99 |
| 36 | 12 | $429.27 | $130.28 | $298.99 | $12,962.00 |
| | Totals for year 3: | | $1,749.25 | $3,401.99 | |
| Year # 4 | | | | | |
| 37 | 1 | $429.27 | $127.34 | $301.93 | $12,660.07 |
| 38 | 2 | $429.27 | $124.38 | $304.89 | $12,355.18 |
| 39 | 3 | $429.27 | $121.38 | $307.89 | $12,047.29 |
| 40 | 4 | $429.27 | $118.36 | $310.91 | $11,736.38 |
| 41 | 5 | $429.27 | $115.30 | $313.97 | $11,422.41 |
| 42 | 6 | $429.27 | $112.22 | $317.05 | $11,105.36 |
| 43 | 7 | $429.27 | $109.10 | $320.17 | $10,785.19 |
| 44 | 8 | $429.27 | $105.96 | $323.31 | $10,461.88 |
| 45 | 9 | $429.27 | $102.78 | $326.49 | $10,135.39 |
| 46 | 10 | $429.27 | $99.57 | $329.70 | $9,805.69 |
| 47 | 11 | $429.27 | $96.33 | $332.94 | $9,472.75 |
| 48 | 12 | $429.27 | $93.06 | $336.21 | $9,136.54 |
| | Totals for year 4: | | $1,325.78 | $3,825.46 | |
| Year # 5 | | | | | |
| 49 | 1 | $429.27 | $89.76 | $339.51 | $8,797.03 |
| 50 | 2 | $429.27 | $86.43 | $342.84 | $8,454.19 |
| 51 | 3 | $429.27 | $83.06 | $346.21 | $8,107.98 |
| 52 | 4 | $429.27 | $79.66 | $349.61 | $7,758.37 |
| 53 | 5 | $429.27 | $76.22 | $353.05 | $7,405.32 |
| 54 | 6 | $429.27 | $72.75 | $356.52 | $7,048.80 |
| 55 | 7 | $429.27 | $69.25 | $360.02 | $6,688.78 |
| 56 | 8 | $429.27 | $65.71 | $363.56 | $6,325.22 |
| 57 | 9 | $429.27 | $62.14 | $367.13 | $5,958.09 |
| 58 | 10 | $429.27 | $58.53 | $370.74 | $5,587.35 |
| 59 | 11 | $429.27 | $54.89 | $374.38 | $5,212.97 |
| 60 | 12 | $429.27 | $51.21 | $378.06 | $4,834.91 |
| | Totals for year 5: | | $849.61 | $4,301.63 | |

| Pmt # | Month | Payment | Amount Applied To Interest | Amount Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 6 | | | | | |
| 61 | 1 | $429.27 | $47.50 | $381.77 | $4,453.14 |
| 62 | 2 | $429.27 | $43.75 | $385.52 | $4,067.62 |
| 63 | 3 | $429.27 | $39.96 | $389.31 | $3,678.31 |
| 64 | 4 | $429.27 | $36.14 | $393.13 | $3,285.18 |
| 65 | 5 | $429.27 | $32.27 | $397.00 | $2,888.18 |
| 66 | 6 | $429.27 | $28.37 | $400.90 | $2,487.28 |
| 67 | 7 | $429.27 | $24.44 | $404.83 | $2,082.45 |
| 68 | 8 | $429.27 | $20.46 | $408.81 | $1,673.64 |
| 69 | 9 | $429.27 | $16.44 | $412.83 | $1,260.81 |
| 70 | 10 | $429.27 | $12.39 | $416.88 | $843.93 |
| 71 | 11 | $429.27 | $8.29 | $420.98 | $422.95 |
| 72 | 12 | $427.11 | $4.16 | $422.95 | $.00 |
| | Totals for year 6: | | $314.17 | $4,834.91 | |
| | Totals for all years: | | $8,932.28 | $21,973.00 | |

Schedule of Payments 

Prepared using software associated with the publications of the National Consumer Law Cer

# Amortization Schedule III

June 25, 2008

Fitts v King Richards 07-147 ML

If King Richards Credited the Fitts The Value of Their Trade-In

| | |
|---|---|
| Amount Financed: | $16,473.00 |
| Finance Charge: | $14,434.44 |
| Total of Payments: | $30,907.44 |
| Amount of most common payment: | $429.27 |
| Number of Payments (Monthly ): | 72 |
| Number of days in irregular first period: | 45 |
| Amount of any irregular first payment: | NA |
| Amount of any irregular final payment: | NA |
| Annual Percentage Rate (APR): | 23.1448% (23.14%) |

| Pmt # | Month | Payment | Applied To Interest | Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 1 | | | | | |
| 1 | 1 | $429.27 | $476.58 | -$47.31 | $16,520.31 |
| 2 | 2 | $429.27 | $318.63 | $110.64 | $16,409.67 |
| 3 | 3 | $429.27 | $316.50 | $112.77 | $16,296.90 |
| 4 | 4 | $429.27 | $314.32 | $114.95 | $16,181.95 |
| 5 | 5 | $429.27 | $312.11 | $117.16 | $16,064.79 |
| 6 | 6 | $429.27 | $309.85 | $119.42 | $15,945.37 |
| 7 | 7 | $429.27 | $307.54 | $121.73 | $15,823.64 |
| 8 | 8 | $429.27 | $305.20 | $124.07 | $15,699.57 |
| 9 | 9 | $429.27 | $302.80 | $126.47 | $15,573.10 |
| 10 | 10 | $429.27 | $300.36 | $128.91 | $15,444.19 |
| 11 | 11 | $429.27 | $297.88 | $131.39 | $15,312.80 |
| 12 | 12 | $429.27 | $295.34 | $133.93 | $15,178.87 |
| Totals for year 1: | | | $3,857.11 | $1,294.13 | |
| Year # 2 | | | | | |
| 13 | 1 | $429.27 | $292.76 | $136.51 | $15,042.36 |
| 14 | 2 | $429.27 | $290.13 | $139.14 | $14,903.22 |
| 15 | 3 | $429.27 | $287.44 | $141.83 | $14,761.39 |
| 16 | 4 | $429.27 | $284.71 | $144.56 | $14,616.83 |
| 17 | 5 | $429.27 | $281.92 | $147.35 | $14,469.48 |
| 18 | 6 | $429.27 | $279.08 | $150.19 | $14,319.29 |
| 19 | 7 | $429.27 | $276.18 | $153.09 | $14,166.20 |
| 20 | 8 | $429.27 | $273.23 | $156.04 | $14,010.16 |
| 21 | 9 | $429.27 | $270.22 | $159.05 | $13,851.11 |
| 22 | 10 | $429.27 | $267.15 | $162.12 | $13,688.99 |
| 23 | 11 | $429.27 | $264.02 | $165.25 | $13,523.74 |
| 24 | 12 | $429.27 | $260.84 | $168.43 | $13,355.31 |
| Totals for year 2: | | | $3,327.68 | $1,823.56 | |

Schedule of Payments



| Pmt # | Month | Payment | Amount Applied To Interest | Amount Applied To Principal | Remaining Balance |
|---|---|---|---|---|---|
| Year # 3 | | | | | |
| 25 | 1 | $429.27 | $257.59 | $171.68 | $13,183.63 |
| 26 | 2 | $429.27 | $254.28 | $174.99 | $13,008.64 |
| 27 | 3 | $429.27 | $250.90 | $178.37 | $12,830.27 |
| 28 | 4 | $429.27 | $247.46 | $181.81 | $12,648.46 |
| 29 | 5 | $429.27 | $243.95 | $185.32 | $12,463.14 |
| 30 | 6 | $429.27 | $240.38 | $188.89 | $12,274.25 |
| 31 | 7 | $429.27 | $236.74 | $192.53 | $12,081.72 |
| 32 | 8 | $429.27 | $233.02 | $196.25 | $11,885.47 |
| 33 | 9 | $429.27 | $229.24 | $200.03 | $11,685.44 |
| 34 | 10 | $429.27 | $225.38 | $203.89 | $11,481.55 |
| 35 | 11 | $429.27 | $221.45 | $207.82 | $11,273.73 |
| 36 | 12 | $429.27 | $217.44 | $211.83 | $11,061.90 |
| Totals for year 3: | | | $2,857.83 | $2,293.41 | |
| Year # 4 | | | | | |
| 37 | 1 | $429.27 | $213.35 | $215.92 | $10,845.98 |
| 38 | 2 | $429.27 | $209.19 | $220.08 | $10,625.90 |
| 39 | 3 | $429.27 | $204.95 | $224.32 | $10,401.58 |
| 40 | 4 | $429.27 | $200.62 | $228.65 | $10,172.93 |
| 41 | 5 | $429.27 | $196.21 | $233.06 | $9,939.87 |
| 42 | 6 | $429.27 | $191.71 | $237.56 | $9,702.31 |
| 43 | 7 | $429.27 | $187.13 | $242.14 | $9,460.17 |
| 44 | 8 | $429.27 | $182.46 | $246.81 | $9,213.36 |
| 45 | 9 | $429.27 | $177.70 | $251.57 | $8,961.79 |
| 46 | 10 | $429.27 | $172.85 | $256.42 | $8,705.37 |
| 47 | 11 | $429.27 | $167.90 | $261.37 | $8,444.00 |
| 48 | 12 | $429.27 | $162.86 | $266.41 | $8,177.59 |
| Totals for year 4: | | | $2,266.93 | $2,884.31 | |
| Year # 5 | | | | | |
| 49 | 1 | $429.27 | $157.72 | $271.55 | $7,906.04 |
| 50 | 2 | $429.27 | $152.49 | $276.78 | $7,629.26 |
| 51 | 3 | $429.27 | $147.15 | $282.12 | $7,347.14 |
| 52 | 4 | $429.27 | $141.71 | $287.56 | $7,059.58 |
| 53 | 5 | $429.27 | $136.16 | $293.11 | $6,766.47 |
| 54 | 6 | $429.27 | $130.51 | $298.76 | $6,467.71 |
| 55 | 7 | $429.27 | $124.74 | $304.53 | $6,163.18 |
| 56 | 8 | $429.27 | $118.87 | $310.40 | $5,852.78 |
| 57 | 9 | $429.27 | $112.88 | $316.39 | $5,536.39 |
| 58 | 10 | $429.27 | $106.78 | $322.49 | $5,213.90 |
| 59 | 11 | $429.27 | $100.56 | $328.71 | $4,885.19 |
| 60 | 12 | $429.27 | $94.22 | $335.05 | $4,550.14 |
| Totals for year 5: | | | $1,523.79 | $3,627.45 | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS FITTS and
LORRAINE FITTS,
*Plaintiffs,*

vs. C.A. No. 07-147ML

KING RICHARD'S AUTO CENTER, INC.,
d/b/a East Providence Mitsubishi,
*Defendant.*

Plaintiffs' Supplemental Memorandum of Law
*Filed June 25, 2008*
**Exhibit D**
2 pages

## AFFIDAVIT

I, Richard J. Palumbo, after having been first duly sworn, upon oath, depose and state as follows:

1. I am the President of King Richard's Auto Center, Inc., d/b/a East Providence Mitsubishi.

2. According to the Motor Vehicle Cash Purchase Agreement, the price of the Mercedes was $19,300. This price was calculated as follows: the anticipated balance due on the Taurus car loan of $10,000 plus $9,300 from the plaintiffs by cash or financing. *See copy of Motor Vehicle Cash Vehicle Agreement attached hereto as Exhibit A*. Adding the estimated payoff on the Taurus plus the $9,300 you arrive at the sale amount of the Mercedes of $19,300 for Plaintiffs.

3. The amount necessary to payoff the Taurus car loan was $9,646.72. *See copy of check #4047 to TD Bank North attached hereto as Exhibit B.* The payoff amount was $353.28 less than the anticipated payoff for the Taurus loan. This difference did not belong to the dealership but to Plaintiffs. So, the salesperson gave Plaintiffs a credit on the RISA of

$353.28 thereby lowering the total amount financed to $21,619.72.

Richard J. Palumbo

Subscribed and sworn to before me this 2nd day of June, 2008.

Notary Public

**Negative Equity Disclosure:**

Occasionally, when an existing trade-in Lien Payoff exceeds Actual Cash Value of a trade-in, it may becomes necessary to raise the selling price and trade-in allowance equal amounts to demonstrate a trade-in allowance in excess of Actual Cash Value to eliminate "Negative Equity" on a finance contract. Other times, due to negotiation, trade-in values may simply not be indicative of the Actual Cash Value against selling prices.

**Trade-In Over Allowance in excess of Actual Cash Value : $** 4500.00

**Fee Disclosure:**

| | |
|---|---|
| ☐ Temporary Plate | $20.00 |
| ☐ Overnight Trade-in Lien Payoff | $22.00 |
| ☒ Estimated State Registration | $ 65.00 |
| ☐ Massachusetts Inspection Sticker | $29.00 |
| N/A Lost Title/Duplicate Title Fee | $25.00 |
| ☐ Title Prep Fee | $20.00 |
| ☐ Doc Fee | $75.00 |
| Total Fees | $ 189.00 |

Plaintiffs' Supplemental Memorandum of Law
Filed June 25, 2008
**Exhibit E**

L. Lorraine Pitts 9/30/06
Purchaser Date

[signature] 9/30/06
Manager Date

Co-Purchaser Date