UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FITTS and<br>LORRAINE FITTS,<br>*Plaintiffs,*<br><br>vs.<br><br>KING RICHARD'S AUTO CENTER, INC.,<br>d/b/a East Providence Mitsubishi,<br>*Defendant.* | C.A. No. 07-147ML |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND REOPEN DISCOVERY**

Now comes the Defendant, in the above-referenced matter, and objects to Plaintiffs' Motion for Leave to Amend Complaint and Reopen Discovery. As grounds, Defendant relies on its Memorandum of Law filed contemporaneously herewith.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on July 2, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS FITTS and
LORRAINE FITTS,
*Plaintiffs,*

vs. C.A. No. 07-147ML

KING RICHARD'S AUTO CENTER, INC.,
d/b/a East Providence Mitsubishi,
*Defendant.*

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT AND REOPEN DISCOVERY**

Defendant concedes that amendments to pleadings under Fed.R.Civ.Proc. 15(a) are to be permitted with liberality and rest with the sound discretion of the trial judge. However, such a liberal standard does not permit an automatic right to such an amendment. Rather, the First Circuit has noted that reasons for denying leave to amend pleadings include futility, bad faith, undue delay or dilatory motive. *Hatch v. Dept't for Children, 274 F.3d 12, 19 (1st Cir. 2001).* Defendant submits that Plaintiffs' proposed amendment to their Complaint - adding a claim for conversion/theft - should be denied on futility grounds.

In *Hatch*, the court set forth "the yardstick by which futility is to be measured." *Id*. The court stated that

> The appropriateness *vel non* of a district court decision denying a motion to amend on the ground of futility depends, in the first instance, on the posture of the case. If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). (citation omitted) In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. (citation omitted) If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been

> docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. (citation omitted) In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

Id.

The latter, stricter, futility standard applies in the instant case – discovery has closed and summary judgment motions have been docketed with this Court.[1]

Plaintiffs' proposed amendment is a claim for "conversion/theft." *Plaintiffs' Proposed Amended Complain, Count 2*. Although somewhat unclear, it appears that Plaintiffs contend that the trade-in of the Taurus was not part of the purchase transaction for the Mercedes. Defendant reaches this conclusion from Plaintiffs' allegation that "[a]fter the Plaintiffs paid off the loan on the Taurus, the Defendant kept the Taurus and converted it for its own use." *Plaintiffs' Proposed Amended Complaint, ¶ 27*. Obviously, if the Taurus was part of the purchase transaction – a trade-in – then Defendant could not have converted it for its own use and Plaintiffs' proposed amendment, even if allowed, would be futile.

An examination of the record clearly demonstrates that the Taurus was a trade-in for the Mercedes. Plaintiffs' continually refer to the trade-in of the Taurus in their pleadings. For example, in paragraphs 8, 11, 12, 13, 15 and 22 of both their Complaint and proposed Amended Complaint, Plaintiffs constantly refer to the trade-in of the Taurus for the Mercedes. (Documents 1 and 19) In their own Statement of Undisputed Facts in support of their Summary Judgment Motion, Plaintiffs state that they "adopt the Defendant's Statement of Undisputed Facts as their own." (Document 15) Defendant's Statement of Undisputed Facts clearly state that "[t]he purchase by Plaintiffs of the 2000 Mercedes Kompressor included the trade-in of Plaintiff's 2001

---

[1] Discovery closed on December 5, 2007 (Pretrial Order - Document 8). Defendant's summary judgment motion was filed on December 19, 2007 (Document 10). Plaintiffs' summary judgment motion was also filed on December 19, 2007 (Document 13). The motions were heard by this Court on April 15, 2008.

Ford Taurus." *See Defendant's Statement of Undisputed Facts,* ¶ *2*. (Document 11) The trade-in is also referenced in the Negative Equity Disclosure and the Retail Installment – Sale Agreement and Security Agreement (attached as Exhibits A and B to Defendant's Summary Judgment Memorandum). In short, the record is replete with acknowledgements of the trade-in of the Taurus.

Defendant contends that Plaintiffs' proposed amendment for conversion/theft is futile. The allegations to support the proposed amendment are "not solidly grounded in the record" or "supported by substantial evidence." *Hatch, 274 F.3d at 19*. In fact, the exact opposite is true – the trade-in of the Taurus is solidly grounded in the record or supported by the substantial evidence.[2] Allowing Plaintiffs to amend their Complaint and reopen discovery would, ultimately, be futile. Defendant respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend Complaint and to Reopen Discovery. (Document 19).

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

[2] Defendant also contend that the proposed amendment is not theoretically viable. It is unclear why Defendant would require Plaintiffs to borrow $10,000 to pay off the loan on the Taurus if it was not part of the Mercedes transaction as a trade-in.

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on July 2, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto