UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FITTS and<br>LORRAINE FITTS,<br>*Plaintiffs,*<br><br>vs.<br><br>KING RICHARD'S AUTO CENTER, INC.,<br>d/b/a East Providence Mitsubishi,<br>*Defendant.* | C.A. No. 07-147ML |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUEST THAT THE COURT WITHHOLD RULING AND IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW**

Now comes the Defendant, King Richard's Auto Center, Inc., and hereby objects to Plaintiffs' Request to Withhold Ruling on Motions for Summary Judgment and Supplemental Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. In support thereof, Defendant relies on its Memorandum of Law filed contemporaneously herewith.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on July 14, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FITTS and<br>LORRAINE FITTS,<br>*Plaintiffs,*<br><br>vs.<br><br>KING RICHARD'S AUTO CENTER, INC.,<br>d/b/a East Providence Mitsubishi,<br>*Defendant.* | C.A. No. 07-147ML |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' REQUEST THAT THE COURT WITHHOLD RULING AND IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW**

Defendant files this memorandum in response to Plaintiffs' memorandum of June 25, 2008. (Document 21) In that memorandum, Plaintiffs make two arguments. First, they request that this Court withhold ruling on the pending summary judgment motions. Second, Plaintiffs put forth supplemental arguments in opposition to Defendant's pending summary judgment motion. For the reasons set forth below, Defendant requests that this Court reject Plaintiffs' arguments and enter summary judgment in favor of Defendant.

1. Plaintiffs' Motion to Withhold Ruling is Moot.

Plaintiffs' request that this Court withhold ruling on the pending summary judgment motions was predicated on this Court granting their Motion to Amend/Correct their Complaint and Reopen Discovery. (Document 19) However, on July 9, 2008, this Court denied Plaintiffs' Motion. (Document 23). Therefore, Plaintiffs' Motion to Withhold Ruling is now moot and Defendant respectfully requests that this Court deny Plaintiffs' Motion to Withhold Ruling.

2. Plaintiffs Cannot Prove Statutory Damages.

Plaintiffs agree that the key question in their quest for statutory damages is whether they can prove that Defendant violated the disclosure requirements of *§ 1638(2),* the "amount financed"*, (3)* the "finance charge"*, (4)* the "annual percentage rate"*, (5)* the "total payments"*, (6)* the number, amount, and due dates or period of payments *or (9 )*where credit is secured, a statement that the security interest has been taken. Plaintiffs now contend that Defendant violated the disclosure requirements of the amount financed*,* the finance charge and the annual percentage rate. *Plaintiffs' Supplemental Memorandum, page 4*. The latter two "violations" are dependent on a finding that the amount financed constitutes a TILA violation. The flaw in Plaintiffs' argument is that the amount financed is accurate.

The amount financed to purchase the Mercedes was the amount listed on the RISA. Although somewhat difficult to follow, Plaintiffs appear to make the anomalous argument that they should have been made to pay more for the Mercedes thereby increasing the amount financed. But, it is undisputed that the cost of Mercedes to Plaintiffs, which included the negative equity, was $21,619.72 and that this was the amount financed. The $353.28 was never going to be added to the cost of the vehicle. It was listed as a credit on the RISA to account for the difference between the anticipated payoff on the Taurus loan and the actual payoff. *See Defendant's Affidavit* (Document 16). In other words, if Defendant had initially figured in the correct payoff for the Taurus, the cost of the vehicle and the amount financed would be exactly the same as listed on the RISA.[1] The amount financed is accurate. Plaintiffs cannot establish a TILA statutory violation as a matter of law.

[1] If Defendant had simply pocketed the $353.28 difference, Plaintiffs, no doubt, would be making a different claim against Defendant

3. Plaintiffs Cannot Prove Actual Damages.

Plaintiffs cannot prove actual damages for two reasons. First and foremost, they cannot establish a TILA violation for the reasons set forth herein and in Defendant's previous summary judgment memoranda. (Documents 10, 14 and 18) Without a TILA violation, the actual damages of §*1640(a)(1)* is inapplicable. Second, the actual damages Plaintiffs now claim do not constitute actual damages under *15 U.S.C. § 1640(a)(1)*. *See Plaintiffs' Supplemental Memorandum, page 7 ("Their actual damages include the value of the Taurus the dealer kept, all costs they incurred as a result of owning the Mercedes, and Lorraine Fitts' mental pain and suffering arising from the transaction.")* Section 1640(a)(1) allows recovery for "any actual damage sustained by such person as a result of the failure." *(emphasis added)*. Defendant contends that the "damages" listed by Plaintiffs are outside the actual damages contemplated by § *1640(a)(1)*.

Defendant respectfully requests that this Court deny Plaintiffs' summary judgment motion and enter summary judgment in favor of Defendant on all claims in Plaintiffs' Complaint.

Defendant,
By its attorney

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on July 14, 2008, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

John T. Longo, Esq.
jtlongo@yahoo.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto